UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACOSTA INC.

                        Plaintiff(s),

against

AON RISK SERVICES NORTHEAST, Inc.

                        Defendant(s).

NO.: 1:23 Civ. 09435 (LGS) (VF)

**STIPULATED PROTECTIVE ORDER AND FED. R. EVID. 502(d) AND (e) CLAWBACK AGREEMENT/ORDER**

HON. LORNA G. SCHOFIELD, District Judge:

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) and the Court's Individual Rules to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, pursuant to the Federal Rule of Evidence 502(d) and (e) and the Court's Individual Rule II.A.2, the Parties wish to enter into an agreement;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

      1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery

Material to anyone else except as expressly permitted hereunder

   2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

   (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   (b) previously non-disclosed material relating to ownership or control of any non-public company;

   (c) previously non-disclosed business plans, product-development information, or marketing plans;

   (d) any information of a personal or intimate nature regarding any individual; or

   (e) any other category of information given confidential status by this Court after the date of this Order.

   3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

   4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case

the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 45 days after a deposition has concluded of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 45 days following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this

3

matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto

4

stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. Confidential Discovery Material or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission") may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

10. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court in accordance with Judge Schofield's Rule II.B.

11. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

12. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose

compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

13. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential Discovery Material must either return it—including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

15. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree to the protection of privileged and otherwise protected documents an electronically stored information produced pursuant to the Parties' Stipulation and Order Regarding Protocols for Discovery of Electronically Stored Information against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a Party's discovery request, or informal production as follows:

(a) For the purposes of this section, an "Inadvertently Produced Document" is a

|      | |
|---|---|
| | document, data, or information (including, without limitation metadata) produced to a Party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege. |
| (b) | Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, data, or information as to the receiving Party, or any third parties, and shall not result in a subject matter waiver of any kind. |
| (c) | If any document, data, or information (including, without limitation, metadata) is, on its face, subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Party in writing that it has discovered documents, data, and/or information believed to be Inadvertently Produced Documents, identify the documents, data, and/or information by Bates number rate or hash value range, and return or sequester such documents until Producing Party confirms whether it does indeed assert that such documents, data, and/or information are Inadvertently Produced Documents.  If the Producing Party assets that the documents, data, and/or information is Inadvertently Produced Documents, the Receiving Party will return or destroy the Inadvertently Produced Documents in accordance with Section 15(e), below. |
| (d) | A Producing Party may demand the return of any Inadvertently Produced Document, which demand shall be made to the Receiving Party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document. Within five (5) business days of the demand for the Inadvertently Produced Document, the Producing Party shall provide the receiving party with a |

|     | privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the Producing Party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the Producing Party believes is subject to a claim of privilege. |
|-----|---|
| (e) | Upon receipt of a written demand for return of an Inadvertently Produced Document, the Receiving Party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the Producing Party and shall immediately delete all electronic versions of the document. The Receiving Party shall confirm, in writing, no later than five (5) days after receiving a written demand for return of an Inadvertently Produced Document that all copies, including any metadata, of the Inadvertently Produced Document have been returned or deleted. |
| (f) | The receiving party may object to the Producing Party's designation of an Inadvertently Produced Document by providing written notice of such objection within ten (10) business days of its receipt of a written demand for the return of an Inadvertently Produced Document. The Parties shall meet and confer to attempt to resolve the dispute. If the Parties are unable to resolve the dispute, the Parties shall promptly seek relief from the Court in accordance with its Individual Rules. Pending resolution of the matter by the Court, the Parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation. |

16. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is

produced or disclosed.

17. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

SO STIPULATED AND AGREED.

| | |
|---|---|
| Dated: January 10, 2024 | Dated: January 10, 2024 |
| SMITH, GAMBRELL & RUSSELL, LLP | REED SMITH, LLP |
| /s/ Morgan V. Manley | /s/ John N. Ellison |
| John G. McCarthy | John N. Ellison |
| Morgan V. Manley | 599 Lexington Avenue |
| 1301 Avenue of the Americas, 21st Floor | New York, New York 10022 |
| New York, New York 10019 | Tel: (212) 521-5400 |
| (212) 907-9700 | Jellison@reedsmith.com |
| -and- | *Attorneys for Defendant* |
| Alan S. Wachs (*Pro Hac Vice*) | |
| 50 N. Laura Street, Suite 2600 | |
| Jacksonville, Florida 23303 | |
| (904) 598-6110 | |
| *Attorneys for Plaintiff* | |

SO ORDERED.

Dated: January 10, 2024
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Exhibit A<br>to Stipulated Confidentiality<br>Agreement and Protective Order

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| ACOSTA INC.<br><br>                                Plaintiff(s),<br>  against<br><br>AON RISK SERVICES NORTHEAST, Inc.<br><br>                              Defendant(s). | NO.: 23 Civ. 9425 (LGS) (VF)<br><br>**<u>NON-DISCLOSURE<br>AGREEMENT</u>** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date: